UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH BARKER,<br><br>   Plaintiff,<br><br>  v.<br><br>TONY AGBAYANI, JR.,<br><br>   Defendant. | No. 2:16-cv-0304 MCE CKD PS<br><br>FINDINGS AND RECOMMENDATIONS |

   Plaintiff is proceeding in this action in propria persona. In this action, plaintiff names as the defendant a California Superior Court judge who presided over plaintiff's marital dissolution proceedings. Plaintiff complains of actions taken by the defendant in those proceedings.

   A federal district court does not have jurisdiction to review errors in state court decisions in civil cases. Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415 (1923). "The district court lacks subject matter jurisdiction either to conduct a direct review of a state court judgment or to scrutinize the state court's application of various rules and procedures pertaining to the state case." Samuel v. Michaud, 980 F. Supp. 1381, 1411-12 (D. Idaho 1996), aff'd, 129 F.3d 127 (9th Cir. 1997). See also Branson v. Nott, 62 F.3d 287, 291-92 (9th Cir.1995) (finding no subject matter jurisdiction over section 1983 claim seeking, inter alia, implicit reversal of state trial court action); MacKay v. Pfeil, 827 F.2d 540, 544-45 (9th Cir. 1987) (attacking state court judgment because substantive

1  defense improper under Rooker-Feldman). That the federal district court action alleges the state
2  court's action was unconstitutional does not change the rule. Feldman, 460 U.S. at 486.
3  Moreover, claims raised in federal district court need not have been argued in the state judicial
4  proceedings to be barred by the Rooker-Feldman doctrine. Id. at 483-84 & n.16. If federal
5  claims are "inextricably intertwined" with a state court judgment, the federal court may not hear
6  them. Id. "[T]he federal claim is 'inextricably intertwined' with the state court judgment if the
7  federal claim succeeds only to the extent that the state court wrongly decided the issues before it."
8  Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 25 (1987) (Marshall, J., concurring). In sum, "a state
9  court's application of its rules and procedures is unreviewable by a federal district court. The
10 federal district court only has jurisdiction to hear general challenges to state rules or claims that
11 are based on the investigation of a new case arising upon new facts." Samuel, 980 F. Supp. at
12 1412-13.

13 Plaintiff alleges improprieties related to his marital dissolution proceedings and judicial
14 orders related thereto. Plaintiff does not raise a general federal challenge to state law. See
15 Branson, 62 F. 3d at 292. Stripped to its essence, this action is one for federal court review of
16 state court proceedings. The court finds the instant action amounts to an attempt to litigate in
17 federal court matters that are inextricably intertwined with state court decisions. The court will
18 therefore recommend this action be dismissed for lack of subject matter jurisdiction under
19 Rooker-Feldman.[1]

---

[1] The domestic relations exception to federal jurisdiction bolsters the conclusion that subject matter jurisdiction in this case is inappropriate. The domestic relations exception "divests the federal courts of power to issue divorce, alimony and child custody decrees." Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992) (explaining domestic relations exception to diversity jurisdiction). "Even when a federal question is presented, federal courts decline to hear disputes which would deeply involve them in adjudicating domestic matters." Thompson v. Thompson, 798 F.2d 1547, 1558 (9th Cir. 1986), aff'd, 484 U.S. 174 (1988); see also Tree Top v. Smith, 577 F.2d 519 (9th Cir. 1978) (declining to exercise jurisdiction over habeas petition seeking custody of child who had been adopted by others). In this circuit, federal courts refuse jurisdiction if the primary issue concerns child custody issues or the status of parent and child or husband and wife. See Coats v. Woods, 819 F.2d 236 (9th Cir. 1987); Csibi v. Fustos, 670 F.2d 134, 136-37 (9th Cir. 1982).
   In Coats, plaintiff, invoking 42 U.S.C. § 1983, alleged that her ex-husband and others involved in state court proceedings had wrongfully deprived her of custody of her children. Defendants included the former husband and his current wife, their attorney, the court-appointed attorney for the children, a court-appointed psychologist, two court commissioners, two superior

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for lack of subject matter jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 18, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 barker0304.rf.57

---

court judges, the county, the police department, and a organization called United Fathers. Plaintiff specifically alleged that defendants deprived her of child custody, thereby depriving her of a liberty interest, in violation of 42 U.S.C. §§ 1983, 1985(2), and 1985(3). Because the action at its core implicated domestic relations issues, the Ninth Circuit affirmed the district court's decision to abstain from exercising jurisdiction.  Like Coats, this case is at core a domestic relations dispute.  See id. at 237.